**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund, | ) | |
| Midwest Operating Engineers Pension Trust | ) | |
| Fund, Operating Engineers Local 150 | ) | |
| Apprenticeship Fund, Midwest Operating | ) | |
| Engineers Retirement Enhancement Fund, and | ) | CIVIL ACTION |
| International Union of Operating Engineers | ) | |
| Local 150, AFL-CIO, | ) | NO. |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Whole Earth Compost, LLC, an Illinois | ) | |
| corporation, and Jack Wood, an Individual, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs, Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, Midwest Operating Engineers Retirement Enhancement Fund (collectively "the Funds") and International Union of Operating Engineers, Local 150, AFL-CIO (hereafter, "Local 150" or "the Union") bring this action to collect contributions and dues from Defendants, Whole Earth Compost, LLC, an Illinois corporation ("Whole Earth") and Jack Wood, an individual.

**COUNT I.    SUIT FOR DELINQUENT CONTRIBUTIONS**

**Facts Common to All Counts**

1.    The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Whole Earth is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Chicago, Illinois.

3. Whole Earth identified Jack Wood as owner (Exhibit A).

4. On May 15, 2023, Whole Earth through Jack Wood signed a Collective Bargaining Agreement (attached as Exhibit A) with the Union known as the Compost Shop Agreement.

5. The CBA and the Agreements and Declarations of Trust incorporated therein require Whole Earth to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

6. The CBA and Trust Agreements specifically require Whole Earth to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f) Furnish to the Funds a bond in an amount acceptable to the Funds.

g)      pay the Funds a flat fee of $110 for each business day per fund that requested audit documents are not produced after 21 days from the demand for such documents.

7.      The CBA further requires Whole Earth to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Whole Earth does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

8.      In order to forestall the filing of another lawsuit, Whole Earth and Jack Wood executed a Payment Plan Agreement ("Payment Plan") (Exhibit B). In that Payment Plan, Whole Earth agreed to make installment payments of the delinquent sums that it owed the Funds and the Union. Whole Earth and Jack Wood further agreed to submit forthcoming monthly reports, contributions, and dues payments timely. Jack Wood agreed to accept personal liability for any amounts owed by Whole Earth. Both consented to the entry of judgment against each of them in the event of breach of the Payment Plan.

9.      Whole Earth has become delinquent in the submission of its reports and contributions due the Funds and reports and dues to the Union. As a result of this delinquency, it owes the Funds contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

### Jurisdiction and Venue

10.      This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute. Furthermore, Whole Earth stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit B).

11.      Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

**Allegations of Violations**

12. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

13. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

14. Whole Earth has violated ERISA and breached the CBA and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds, and refused to pay liquidated damages and interest that has accrued.

15. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Whole Earth, there is a total of $86,439.65 known to be due the Funds from Whole Earth, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against Whole Earth for all unpaid contributions as identified in Whole Earth's contribution reports;

B. Enjoin Whole Earth to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C.      Enjoin Whole Earth at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Whole Earth owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require Whole Earth to pay any contributions reasonably estimated to be due by the Funds for the period when Whole Earth failed and refused to timely submit contribution reports;

D.      Enter judgment against Whole Earth and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E.      Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Whole Earth's cost.

## COUNT II.   SUIT TO COLLECT UNION DUES

1-9.    The Union re-alleges and incorporates herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

10.     This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185.   Furthermore, Whole Earth stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit B).

11.     Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

12.     Whole Earth has not submitted all of its dues reports to the Union.  Whole Earth has failed to make timely payment of all dues acknowledged to be due according to Whole Earth's own reports and the collective bargaining agreement.  Whole Earth is required to pay liquidated damages by the CBA.  Accordingly, Whole Earth is in breach of its obligations to the Union under the CBA.

5

13. That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by Whole Earth, there is a total of $2,700.84 known to be due to the Union from Whole Earth before the assessment of fees and costs subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

A. Order Whole Earth to submit all delinquent monthly dues reports;

B. Enter judgment in favor of the Union and against Whole Earth for all unpaid dues, liquidated damages, the Unions reasonable attorneys' fees and costs, including any amounts estimated to be due because Whole Earth failed to submit all dues reports required by the CBA;

C. Enjoin Whole Earth to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBA;

D. Award the Union such further relief as may be deemed just and equitable by the Court, all at Whole Earth's cost.

## COUNT III.  SUIT FOR BREACH OF PAYMENT PLAN

1-9. The Funds re-allege and incorporate herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

10. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185, because the Payment Plan is an extension of the CBA.  Furthermore, Whole Earth stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit B).

11. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties, and because the Payment Plan was partly executed and some of the performance took place in Cook County, Illinois.

**Allegations of Violations**

12. Whole Earth has breached its obligations under the Payment Plan because it has failed to make its installment payments timely, and failed to submit its monthly reports, contributions, and dues timely. Whole Earth has failed to pay liquidated damages and interest that has accrued. As a result of such breaches, the Funds and the Union are entitled and Whole Earth consented under the Payment Plan to the entry of judgment against Whole Earth for all amounts identified as due in the Payment Plan, and all sums that became due following the execution of the Payment Plan. Additionally, the Funds are entitled to interest as a consequence of entry of judgment.

13. That upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Whole Earth, there is a total of $89,140.49 known to be due the Funds and the Union from Whole Earth, with the assessment of attorneys' fees and costs subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that Whole Earth owes additional contributions and dues not yet identified by Whole Earth in its remittance reports.

WHEREFORE, the Funds and the Union respectfully request that Court enter judgment in favor of the Funds and the Union  for all unpaid contributions, dues, liquidated damages, interest, and the Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the CBA and Trust Agreements.

**COUNT IV.   SUIT TO ENFORCE PERSONAL GUARANTEE**

1-9. The Funds and the Union re-allege and incorporate herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

7

**Jurisdiction and Venue**

10.     This Court has jurisdiction over this claim because it is a suit by a labor organization that has its headquarters within this jurisdictional district.  29 U.S.C. § 185.  This Court also has supplemental jurisdiction over this Count because it is a claim "so related . . . that [it] form[s] part of the same case or controversy."  28 U.S.C. § 1367(a).  Furthermore, Jack Wood stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit B).

11.     Venue is proper in this Court because the Court has jurisdiction over the parties. 29 U.S.C. § 185(a).  Venue is also proper in this Court because a substantial part of the acts or omissions giving rise to the claim occurred in Cook County, Illinois.  28 U.S.C. § 1391(b)(2).

**Allegations of Violations**

12.     Jack Wood signed the Payment Plan agreement and agreed to be personally liable for the amounts owed to Funds and the Union.  Jack Wood also consented to the entry of judgment against him in the event that Whole Earth breached the Payment Plan.

13.     Whole Earth has breached its obligations under the Payment Plan because it has failed to make its installment payments timely, and failed to submit its monthly reports, contributions, and dues timely.  Whole Earth has failed to pay liquidated damages and interest that has accrued, including post-judgment interest.  As a result of such breaches, the Funds and the Union  are entitled under the Payment Plan to the entry of judgment against Jack Wood for all amounts identified as due in the Payment Plan, and all sums that became due following the execution of the Payment Plan.

14.     That upon careful review of all records, and after application of any and all partial payments made by Whole Earth, there is a total of $89,140.49 known to be due the Funds and the Union from Jack Wood, before the assessment of attorneys' fees and costs, and subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due

8

while this lawsuit is pending, and/or the possibility that Whole Earth owes additional contributions and dues not yet identified in its remittance reports.

WHEREFORE, the Funds and the Union respectfully request that Court enter judgment against Jack Wood and in favor of the Funds and the Union for all unpaid contributions, liquidated damages, interest, and reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined.

Dated: June 10, 2026                                      Respectfully submitted,

                                              By:   s/Brad H. Russell
                                                    One of the Attorneys for the Plaintiffs

Attorneys for Local 150:                      Attorney for the Funds:

Dale D. Pierson *(dpierson@local150.org)*      Dale D. Pierson *(dpierson@local150.org)*
Brad H. Russell *(brussell@local150.org)*      Brad H. Russell *(brussell@local150.org)*
Local 150 Legal Department                     Institute for Worker Welfare, P.C.
6140 Joliet Road                               6141 Joliet Road
Countryside, IL  60525                         Countryside, IL  60525
Ph: (708) 579-6663                             Ph: (708) 579-6663
Fx: (708) 588-1647                             Fx: (708) 588-1647

9